UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID I. GRAZETTE,

                Plaintiff,

-against-

MANPOWER; STEFANI PEREZ; MAXIMUS;
SHELLY R. LUCAS; RODNEY MENELAS.,

                Defendants.

21-CV-4296 (LTS)

ORDER DIRECTING PAYMENT OF
FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application, but he has not fully completed it. Plaintiff states that he is employed but he does not answer the application's question asking for his gross monthly pay or wages. Plaintiff further indicates that he has no other sources of income, but he does not answer the application's question asking how he pays his living expenses. Instead, Plaintiff writes "[m]y departure from Manpower and Maximus was marked as 'misconduct.'" (ECF No. 1 at 2.) Plaintiff states that he has $5.00 in a checking or savings account and that he has a debt or financial obligation in the amount of $53,000, but he does not state to whom it is payable.

    Because of Plaintiff's failure to fully answer the questions about his financial status, the Court does not have sufficient information concerning Plaintiff's ability to pay the fees. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it

should be labeled with docket number 21-CV-4296 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the fees, he may be required to do so.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[1] No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 20, 2021
         New York, New York

                                           /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] Plaintiff consents to receive electronic service of notices and documents in this case. (ECF No. 3)