UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID I. GRAZETTE,

                Plaintiff,

-against-

MANPOWER; STEFANI PEREZ; MAXIMUS;
SHELLY R. LUCAS; RODNEY MENELAS.,

                Defendants.

21-CV-4296 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR SECOND AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application with his complaint, but that application was incomplete. In that application, Plaintiff stated that he was employed but he did not answer the application's question asking for his gross monthly pay or wages. Plaintiff further indicated that he had no other sources of income, but he did not answer the application's question asking how he pays his living expenses. Instead, Plaintiff wrote "[m]y departure from Manpower and Maximus was marked as 'misconduct.'" (ECF No. 1 at 2.) Plaintiff stated that he had $5.00 in a checking or savings account and that he had a debt or financial obligation in the amount of $53,000, but he did not state to whom it is payable.

    Because of Plaintiff's failure to fully answer the questions about his financial status, by order dated September 20, 2021, the Court directed Plaintiff to either pay the $402.00 in fees or submit an amended IFP application. (ECF No. 6.) Plaintiff filed an amended IFP application on September 23, 2021. This amended application is also insufficient. In this amended application,

Plaintiff states that he is unemployed, but he fails to answer the questions regarding his last date of employment and his gross month wages at that time. (ECF No. 7 at 1.) In question 3, Plaintiff indicates that he received more than $200 in the past 12 months from "business, profession, or other self-employment," and "any other public benefits (unemployment, social security, food stamps, veteran's, etc.)," but in the area of the form provided for Plaintiff to describe the source of money and the amount received and the amount expected in the future, Plaintiff writes, "I'm currently unemployed without unemployment benefits." (*Id.* at 1-2.) Plaintiff indicates that he has $400 in a checking or savings account, and that he pays $800 per month for rent and $150 per month for utilities. (*Id.* at 2.) He also indicates that he has debts or financial obligations in the amount of $50,000, but he again fails to state to whom the debt is payable. (*Id.*).

Because Plaintiff's ability to pay the fees remains unclear, the Court grants Plaintiff one final opportunity to either pay the $402.00 filing fees or submit a second amended IFP application. Plaintiff must be clear as to his monthly income, the source(s) of that income, and how he pays his monthly expenses. Plaintiff must also state to whom the $50,000 debt is payable. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 filing fees or submit a second amended IFP application. If Plaintiff submits the second amended IFP application, it should be labeled with docket number 21-CV-4296 (LTS), and address the deficiencies described above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the second amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the fees, he may be required to do so.

The Clerk of Court is directed to transmit a copy of this order to Plaintiff.[1] No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff submits an insufficient second amended IFP application, the Court will dismiss this action for Plaintiff's failure to comply with the Court's order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: February 15, 2022
       New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff consents to receive electronic service of notices and documents in this case. (ECF No. 3)